UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
KERRY KOTLER,

                Plaintiff,              **MEMORANDUM AND ORDER**
      -against-                      CV 20-2599 (AMD)(AYS)

PEDRO TORRES, DAISY RODRIGUEZ,
JOHN DOE #1, and JOHN DOES #2,

                Defendants.
---------------------------------------------------------------X

**SHIELDS, Magistrate Judge:**

      Pro se plaintiff Kerry Kotler ("Plaintiff" or "Kotler"), brings this action pursuant to 42 U.S.C. 1983 ("Section 1983"), alleging that his release on community supervision was delayed because defendants Parole Officer Torres ("Torres") and Senior Parole Officer Rodriguez ("Rodriguez"), along with the Doe defendants failed to sufficiently assist him in finding an approved residence for release to community supervision. Plaintiff also alleges that the Doe defendants failed to adequately supervise Torres concerning the residency claim. Plaintiff claims that after his release on November 21, 2017, Torres and Rodriguez initiated false release revocation charges, and that Rodriguez failed to adequately supervise Torres concerning these revocation charges.

      On December 4, 2020, the District Court issued an order pursuant to Valentin v.Dinkins, 121 F.3d 72 (2d Cir. 1997), instructing the New York State Office of the Attorney General ("OAG") to identify the two Doe defendants. On July 28, 2021, a renewed Valentin order was issued as a review of the docket indicated that there had been a failure to respond to the original order.

      On September 10, 2021, the OAG submitted a response requesting that either: (1) Plaintiff provide additional identifying information, or, (2) that the Court reconsider its order on

the grounds that identifying the Doe defendants in this matter is futile. For the reasons that follow, the Court deems that the OAG has substantially complied with the Valentin order and directs that the Clerk of the Court forward to the United States Marshal Service for the Eastern District of New York copies of Plaintiff's summons, complaint and Order for service upon the named defendants without prepayment of fees.

## DISCUSSION

In Valentin, "the Second Circuit made clear that a *pro se* litigant is entitled to assistance from the district court in identifying a defendant," Jefferson v. Doe, No. 08–CV–0204, 2010 WL 276198, at *1 (E.D.N.Y. Jan. 8, 2010) (citing Valentin, 121 F.3d 72), and "[t]he district court may pursue any course that it deems appropriate to further inquiry into the identify of [unidentified defendants]." Valentin, 121 F.2d at 76. "This is particularly so where the plaintiff is incarcerated and is thus unable to carry out a full pre-trial investigation." Id. at 75.

Based on the OAG's description of the New York State Department of Corrections and Community Supervision ("DOCCS"), where Plaintiff identifies John Doe #1 as an employee, and the New York State Office of Mental Health ("OMH"), where Plaintiff identifies John Doe #2 as an employee, identifying the individuals without more specific information is futile. Thus, rather than order the Plaintiff to provide more identifying information before proceeding with the litigation, this Court directs that discovery is the more appropriate vehicle. The identities of the John Does may be discerned during discovery, and if appropriate, Plaintiff may be granted leave to amend the pleadings. Accordingly, this Court deems that the OAG has substantially complied with the Valentin order.

CONCLUSION

In view of the foregoing, the Court deems that the OAG has substantially complied with the <u>Valentin</u> order.  The identities of the John Does may be discerned during discovery, and if appropriate, Plaintiff may be granted leave to amend the pleadings. Therefore, the Clerk of the Court is directed to forward to the United States Marshal Service for the Eastern District of New York copies of Plaintiff's summons, complaint and Order for service upon the named defendants without prepayment of fees.

**SO ORDERED:**

Dated: Central Islip, New York
      December 21, 2021                          /s/     Anne. Y. Shields
                                                         ANNE Y. SHIELDS
                                                         United States Magistrate Judge